UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | : **SUPERSEDING INFORMATION** |
| v. | : S1:14-cr-00272-JSR |
| TAKAYUKI YAGAMI, | : |
| Defendant. | : |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/14

COUNT ONE
(Conspiracy to Commit Wire Fraud and Bank Fraud)

The Department of Justice charges:

1. From at least in or about May 2006 through at least in or about early 2011, in the Southern District of New York and elsewhere, TAKAYUKI YAGAMI, together with Paul Robson, Paul Thompson, and Tetsuya Motomura, and others known and unknown, did knowingly combine, conspire, confederate, and agree to commit certain offenses against the United States, that is:

(A) to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted certain wire communications in interstate and foreign commerce for the purpose of executing the scheme; to wit, the defendant and others engaged in a scheme to manipulate and attempt to manipulate the benchmark interest rates referenced by derivative products throughout the financial industry to their advantage, by the

1

dissemination, and submission, of false and fraudulent statements intended to influence and manipulate the benchmark interest rates to which the profitability of interest rate derivative trades was tied, and the conspirators contemplated, foresaw, and caused use of wires in interstate and foreign commerce in carrying out the scheme, in violation of Title 18, United States Code, Section 1343; and

(B) to execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits for which were at the time insured by the Federal Deposit Insurance Corporation; and to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts in violation of Title 18, United States Code, Section 1344.

2. It was a part and an object of the conspiracy that TAKAYUKI YAGAMI, the defendant, and others known and unknown, engaged in a scheme to manipulate and attempt to manipulate a benchmark interest rate known as the London Interbank Offered Rate (LIBOR), to which was tied the profitability of interest rate derivative trades in which the defendant and others had a financial interest. The scheme had an effect on one or more financial institutions, within the meaning of Title 18, United States Code, Sections 20 and 3293(2).

**OVERT ACT**

3. On or about February 27, 2008, TAKAYUKI YAGAMA and Paul Robson conspired to fix and manipulate the day's LIBOR rate by causing their employer, Coöperatieve Centrale Raiffeisen-Boerenleenbank B.A. (Rabobank), a financial institution and global financial services company headquartered in Utrecht, the Netherlands, to make a LIBOR submission that

2

was calculated to benefit TAKAYUKI YAGAMI'S trading position. On or about March 28, 2008, this manipulation caused LBI, an investment bank that had entered into a derivative trade with Rabobank, to make a wire transfer from the Southern District of New York to Rabobank in Utrecht, the Netherlands.

(Title 18, United States Code, Section 1349)

## FORFEITURE ALLEGATION

4. As a result of committing the offense alleged in Count One of this Superseding Information, TAKAYUKI YAGAMI, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the wire fraud and bank fraud offense alleged in Count One of this Superseding Information, including but not limited to a sum of money equal to $26,123.57 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses.

### Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18 United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Section 1349).

JEFFREY KNOX
Chief, Fraud Section
Criminal Division
United States Department of Justice

_____
BRIAN YOUNG
Trial Attorney
CAROL L. SIPPERLY
Senior Litigation Counsel
Criminal Division
United States Department of Justice

JEFFREY D. MARTINO
Chief, New York Office
Antitrust Division
United States Department of Justice

_____
MICHAEL T. KOENIG
Trial Attorney
Antitrust division
United States Department of Justice