UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAKAYUKI YAGAMI,

    PETITIONER,

-against-

UNITED STATES OF AMERICA,

    RESPONDENT.

14-cr-272 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

Now before the Court is defendant Takayuki Yagami's unopposed petition for a writ of error *coram nobis*, Dkt. No. 296. In his petition, Yagami asks that the Court vacate his guilty plea to Count One of the Indictment, Dkt. No. 12, and his conviction and sentence on the same.

At the outset, the Court notes that it recently vacated the guilty plea, conviction, and sentence of one of Yagami's co-defendants, Mr. Paul Robson. *See Robson v. United States*, 14-cr-272 at Dkt. No. 301. For substantially the same reasons the Court articulated in that Order, the Court grants Yagami's petition and vacates his guilty plea, conviction, and sentence. In brief, Yagami has -- like Mr. Robson -- shown that there are "circumstances that compel" the writ "to achieve justice," "sound reasons" to grant his petition despite his failure to earlier seek this relief, and "legal consequences" attaching to his conviction that could be remedied by this Court. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

*First*, "[u]nder first principles of justice, it would be unjust to maintain [Yagami's] conviction." *Parietti v. United States*, 2022

1

WL 3139623 at *2 (S.D.N.Y. Aug. 5, 2022). True, during plea discussions, the Government showed that Yagami submitted information to the British Bankers Association ("BBA") that -- rather than reflect a good faith estimate of his employer's borrowing costs -- was intended to advantage the position of his employer. But the Government did not offer any evidence that "[his] LIBOR submissions did not comply with the BBA['s] LIBOR instruction and were false or misleading," as it was required to under the federal fraud statutes. *United States v. Connolly*, 24 F.4th 821, 843 (2d Cir. 2022). Therefore, after *Connolly*, Yagami's guilty plea lacks a "factual basis" and is invalid. *United States v. Murphy*, 942 F.3d 73, 85 (2d Cir. 2019). These circumstances "compel" granting the writ. *See United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000).

*Second*, there are "sounds reasons" to grant Yagami's request for relief despite his failure to earlier petition for it. That is because, here, the Government waives any procedural bars to relief, including timeliness. And *third*, Yagami has demonstrated that this relief would remedy the adverse consequences he continues to suffer as a result of his conviction. For one, Yagami has an open offer of employment with a company in the financial services industry that he is unable to accept because of his conviction. In addition, Yagami's assets in his various bank accounts were frozen or forcibly closed as a result of his conviction. Granting the writ would cure these adverse consequences.

In light of the above, the Court vacates the defendant's guilty plea and judgment of conviction effective immediately. The Clerk is respectfully directed to close the motion at Dkt. No. 296.

SO ORDERED.

New York, NY
\_5|31\_, 2023

                                          _____
                                          JED S. RAKOFF, U.S.D.J.